**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

Ocean Blue (pty), Ltd.,

                          Plaintiff,

        -against-

GA Design & Sourcing Corp., Jorge Galliano Artime,
"John Doe 1-10" and "XYZ Company 1-10",

                       Defendants.

------------------------------------------------------------x

Case No.:

**COMPLAINT**

JURY TRIAL DEMANDED

      OCEAN BLUE (PTY) LTD. ("Ocean Blue," "Plaintiff"), by and through its undersigned attorneys, alleges, upon personal knowledge as to itself and upon information and belief as to other matters, the following as its complaint against Defendants GA DESIGN & SOURCING CORP., JORGE GALLIANO ARTIME, "JOHN DOE 1-10" and "XYZ COMPANY 1-10" (collectively, "Defendants"):

## NATURE OF THE ACTION

    1.    This is a civil action for breach of contract, conversion, fraud, unjust enrichment, and piercing the corporate veil, for which Plaintiff seeks monetary relief, including damages, interest, costs and attorney fees.

## JURISDICTION AND VENUE

    2.    Pursuant to 28 U.S.C § 1332, this Court has subject matter jurisdiction over this action because this controversy is between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.      Pursuant to 28 U.S.C. § 1331, this court has subject matter jurisdiction over this action because it arises under the United Nations Convention on Contracts for the International Sale of Goods ("CISG"), a treaty in which the United States is a signatory.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.  In the alternative, venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(3) and 28 U.S.C. § 1391(d).


## THE PARTIES

5.      Plaintiff, Ocean Blue (pty) Ltd. ("Ocean Blue," "Plaintiff"), is a business corporation duly organized and existing under the laws of the People's Republic of China ("China"), with its principal place of business at No. 82 Xin Gang Xi Lu, Hai Zhu District, Guangzhou Textile Park, Room C3002/3, Building 27, C6 Street, Guang Zhou 510260, China. At  all relevant times, Plaintiff is engaged in the business of exporting textiles from China.

6.      Upon information and belief, Defendant GA Design & Sourcing Corp. ("GA Design & Sourcing") is a business corporation duly organized and existing under the laws of Puerto Rico, with its principal place of business at Road 156 KM 58.8, Caguas, Puerto Rico, 00727.

7.      GA Design & Sourcing is registered as a foreign corporation doing business in the State of New York and thus subject to its laws.  Upon information and belief, Defendant GA Design & Sourcing maintains a New York office address at 530 7th Avenue, Suite 405, New York, NY 10018.

8.      Upon information and belief, GA Design & Sourcing is engaged in the business of textile wholesale.

9.      Upon information and belief, Defendant Jorge Galliano Artime ("Artime") is an individual and the Chief Executive Officer, as well as a director and shareholder, of GA Design & Sourcing.

10.     Upon information and belief, Artime is a resident of the State of New York, and works from GA Design & Sourcing's New York City office.

11.     Upon information and belief, Defendants "John Doe 1-10" are individuals, whose true legal names and addresses are presently unknown to Plaintiff, who are liable to Plaintiff based upon breach of contract, conversion, fraud, unjust enrichment, and piercing the corporate veil.

12.     Upon information and belief, "XYZ Company 1-10" are companies, whose true legal names and addresses are presently unknown to Plaintiff, which are liable to Plaintiff based upon breach of contract, conversion, fraud, unjust enrichment, and piercing the corporate veil.

## STATEMENT OF FACTS

13.     Briefly, Plaintiff contends that Defendant GA Design & Sourcing contracted to purchase over $196,000 worth of textiles over the course of several months; Plaintiff shipped these goods to Defendant, but only received approximately $106,000 in payment.  Because these facts relate to a variety of purchase orders, invoices, and partial payments, a summary chart follows for ease of reference, but the full details are set out in the paragraphs that follow.

| Purchase Order | Invoice | Total Invoiced | Payment Received |
|---|---|---|---|
| 1872 | CI20130408 | $21,148.00 | $0 |
| 1874 | | | |
| | | | |
| 1870 | CI20130523 | $93,041.00 | $37,216.40 |
| 2101 | | | $5,000.00 |
| 2127 | | | |
| | | | |
| 2231 | CI20130703-1 | $11,419.38 | $10,000.00 |
| 2235 | CI20130703-3 | $27,047.20 | $25,579.48 |
| 2238 | CI20130703-2 | $26,482.20 | |
| | | | |
| 2232 | CI20130719-1 | $15,819.12 | $15,819.12 |
| | CI20130713 | $1,950.72 | $0 |
| | | | |
| None specified | Unclear | | $10,000.00 |
| None specified | Unclear | | $3,000.00 |
| | | | |
| **TOTALS** | | **$196,907.62** | **$106,615.00** |
| **ARREARAGE** | | **$89,852.43** | |

## I.   The Parties Entered Into Contracts for the Sale of Goods

### a.   Purchase Order 1872

14.     GA Design & Sourcing issued Purchase Order PO00001872 ("PO1872") to Plaintiff.  PO1872 was initially created on or about November 7, 2012 and revised on or about January 7, 2013.  This purchase order called for 999 pairs of pants in the style 11EL-Z1-007-AP ("Apricot Peachy Fit S/Skinny"), at a unit cost of $10.00, for a total price of $9990.00.

15.     PO1872 called for a shipping date of April 8, 2013.

16.     On or about April 8, 2013, Plaintiff fulfilled PO1872 by shipping the requested goods to GA Design & Sourcing.

17.     This shipment deviated slightly from the purchase order.  In fulfilling PO1872, Plaintiff shipped 1006 pairs of pants instead of the requested 999, though the unit cost of $10.00 remained the same, for a subtotal of $10,060.00.

18.     In connection with that shipment, Plaintiff generated a commercial invoice for PO1872 (CI20130408) and provided a packing list to indicate the contents of the shipment.  Note that this invoice included charges for PO1874 as well, discussed below.

19.     True and correct copies of PO1872 as well as the corresponding packing list and commercial invoice, are annexed hereto as **Exhibit "A."**

b.  *Purchase Order 1874*

20.     On or about November 7, 2012, GA Design & Sourcing issued Purchase Order PO00001874 ("PO1874") to Plaintiff, which it revised on or about January 7, 2013.  The revised PO 1874 called for the delivery of 999 pairs of pants in a particular style, 11EBY-Z1-056-AP ("Apricot Electric Fit S/Skinny"), at a cost of $11.20 per unit or $11,188.80 total.

21.     PO1874 called for a shipping date of April 8, 2013.

22.     On or about April 8, 2013, Plaintiff fulfilled PO1874 by shipping the requested goods to GA Design & Sourcing.

23.     In fulfilling PO1874, Plaintiff shipped 990 pairs of pants instead of the requested 999, though the unit cost of $11.20 remained the same, for a subtotal of $11,088.00.

24.     In connection with that shipment, Plaintiff generated a commercial invoice for PO1874 (CI20130408) and a provided packing list to indicate the contents of the shipment.  Note that this commercial invoice also lists charges for PO1872, discussed above.

25.     True and correct copies of PO1874 as well as the corresponding packing list and commercial invoice, are annexed hereto as **Exhibit "B."**

     *c.  Purchase Order 1870*

26.     On or about November 7, 2012, GA Design & Sourcing placed PO00001870 ("PO1870") for 3,000 units of Funky Soul brand pants in style 11-EL-Z1-185 ("FS Love It Fit Denim S/Skinny"), at a unit cost of $10.70 each, for a total price of $32,100.00.  The requested ship date was May 6, 2013.

27.     Plaintiff fulfilled PO1870 on May 23, 2013 and generated a packing list and a commercial invoice (CI20130523) which covered PO1870 as well as other purchase orders described below.  Regarding PO1870, Plaintiff shipped 2,916 units at $10.70 each, subtotaling $31,201.20.

28.     True and correct copies of PO1870 as well as the corresponding packing list and commercial invoice, are annexed hereto as **Exhibit "C."**

     *d.  Purchase Order 2101*

29.     On or about March 1, 2013  GA Design & Sourcing placed PO00002101 ("PO2101") that was revised on or about March 7, 2013, for 2,016 units of Funky Soul brand pants in style 11LR-397 ("FS Low Rise Fit Super Skinny"), at a unit cost of $10.70 each, and a total price of $21,571.20. The requested ship date was May 20, 2013.

30.     Plaintiff fulfilled PO2101 on May 23, 2013 and generated a packing list and a commercial invoice (CI20130523) which applied not only to PO2101, but PO1870 as discussed

above and PO2127 as discussed below.  Regarding only PO2101, 1,986 units at $10.70 each were shipped, subtotaling $21,250.20.

31.    True and correct copies of PO2101 as well as the corresponding packing list and commercial invoice, are annexed hereto as **Exhibit "D."**

e.    *Purchase Order 2127*

32.    On or about March 6, 2013, GA Design & Sourcing placed PO00002127 ("PO2127") for  Funky Soul brand pants in style 11EB-Z1-241 ("FS Boomy Fit Super Skinny"). The order was for 3,600 units in various sizes and colors, at a unit cost of $11.30 each, for a total price of $40,680.00.  The requested ship date was May 20, 2013.

33.    Plaintiff fulfilled PO2127 on May 23, 2013 and generated a packing list and a commercial invoice (CI20130523) which applied not only to PO2127, but PO1870 and PO2101 as discussed above.  Regarding only PO 2127, the invoice indicates 3,592 units at $11.30 each were shipped, subtotaling $40,589.60.

34.    True and correct copies of PO2127 as well as the corresponding packing list and commercial invoice, are annexed hereto as **Exhibit "E."**

f.    *Purchase Order 2231*

35.    On or about April 12, 2013, GA Design & Sourcing placed PO00002231 ("PO2231") for 1,200 units of Funky Soul brand pants in style 11-EL-Z1-209 ("FS Love It Fit Super Skinny"), at a unit cost of $9.54 each, for a total price of $11,448.00. The requested ship date was June 10, 2013.

36.     Plaintiff shipped PO2231 on July 3, 2013, generating a packing list and commercial invoice.

37.     Commercial invoice CI20130703-1 fulfilled PO 2231, indicating 1,197 units at $9.54 each were shipped, for a total of $11,419.38, although the initial order had been for 1,200 units.

38.     True and correct copies of PO2231 as well as the corresponding packing list and commercial invoice, are annexed hereto as **Exhibit "F."**

g.  *Purchase Order 2232*

39.     On or about April 12, 2013 GA Design & Sourcing placed PO00002232 ("PO2232") for 1,800 units of Funky Soul brand pants in the style 11EB-M1-207-HH ("FS Boomy Fit Super Skinny"), at a unit cost of $10.34 each, for a total price of $18,612.00.  The requested ship date was June 10, 2013.

40.     Plaintiff fulfilled PO2232 through two separate shipments on July 13, 2013, and July 18, 2013, each with a separate invoice.

41.     Commercial invoice CI20130719-1 indicated 1,557 units at $10.16 were shipped on July 13 at a total of $15,819.12.

42.     Commercial invoice CI20130713 indicated 192 units at $10.16 were shipped on July 18 at a total of $1,950.72.

43.     In combination, these invoices supplied 1,749 units of the 1800 requested in PO2232.

44.     True and correct copies of PO2232 as well as the corresponding packing list and commercial invoice, are annexed hereto as **Exhibit "G."**

### h. *Purchase Order 2235*

45.     On or about April 15, 2013, GA Design & Sourcing placed PO00002235 ("PO2235"), and revised the order on or about April 26, 2013.  PO2235 required 2,448 units of Aloha Ola brand pants in style 11YM-002 ("AO Denim Reg Fit Straight Leg"), in various sizes and finishes, at a unit cost of  $11.51 each, for a total price of $27,347.76. The requested ship date was June 24, 2013.

46.     Plaintiff shipped PO2235 on July 3, 2013, generating a packing list and commercial invoice.

47.     Commercial invoice CI20130703-3 fulfilled PO 2235, indicating 2,263 units at $11.51 were shipped, for a total of $26,047.13.

48.     True and correct copies of PO2235 as well as the corresponding packing list and commercial invoice, are annexed hereto as **Exhibit "H."**

### i. *Purchase Order 2238*

49.     On or about April 15, 2013, GA Design & Sourcing placed PO00002238 ("PO 2238") for 2,400 units of Aloha Ola brand pants in style 11-YM-001 ("AO Denim Slim Fit") in various washes and sizes, at a unit cost of $11.40 each, and a total price of $27,360.00. The requested shipment date was June 24, 2013.

50.     Plaintiff shipped PO2238 on July 3, 2013, generating a packing list and commercial invoice.

51.     Commercial invoice CI20130703-2 fulfilled PO2238, indicating 2,323 units at $11.40 each were shipped, for a total of $26,482.20, although the initial order had been for 2,400 units.

52.     True and correct copies of PO2238 as well as the corresponding packing list and commercial invoice, are annexed hereto as **Exhibit "I."**

## II.     Defendant Breaches Contract By Failing to Make Full Payment

### a.   *Non-Payment of the April Invoice*

53.     Plaintiff's Commercial Invoice CI20130408, dated April 8, 2013, indicated fulfillment and shipment of PO1874 and PO1872, for a total of $21,148.00.

54.     To date, GA Design & Sourcing has failed to make a single payment towards this balance.  The full amount of $21,148.00 remains outstanding.

### b. *Partial Payment of the May 2013 Invoice*

55.     Plaintiff's Commercial Invoice CI20130523, dated May 23, 2013, indicated fulfillment and shipment of PO1870, PO2101, and PO2127, for a total of $93,041.00.

56.     On October 16, 2013, GA Design & Sourcing authorized payment of $37,216.40 towards Commercial Invoice CI20130523, from account no. 098-498611-095. A short note on the bottom of this payment authorization explicitly acknowledged that this was a partial payment.

57.     On March 20, 2014, GA Design & Sourcing paid $5,000.00 towards the remainder of Commercial Invoice CI20130523, from account no. 098-498611-095. A short note

on the bottom of this payment authorization explicitly acknowledged that this was a partial payment.

58.     As of March 21, 2014, $50,824.60 remains outstanding and unpaid on Commercial Invoice CI20130523.

### c. Partial Payment of the July 2013 Invoices

59.     Plaintiff's Commercial Invoices CI20130703-1, dated July 3, 2013, reflecting shipment of PO2231 for $11,419.38, CI20130703-2 dated July 3, 2013, reflecting shipment of PO2238 for $26,482.20 and CI20130703-3, dated July 3, 2013, reflecting shipment of PO2235 for $27,047.13, totaling $63,948.71 altogether.

60.     On October 16, 2013, GA Design & Sourcing authorized payment of $25,579.48 towards Commercial Invoices CI20130703-1-2-3, from account no. 098-498611-095. A short note on the bottom of this payment authorization explicitly acknowledged this was a partial payment.

61.     On December 6, 2013, GA Design & Sourcing authorized payment of $10,000.00 towards Commercial Invoices 20130703-1-2-3, from account no. 098-498611-095. A short note on the bottom of this payment authorization explicitly acknowledged this was a partial payment.

62.     As of March 21, 2014, $28,369.23 remains  outstanding and unpaid, on Commercial Invoices 20130703-1-2-3.

63.     Plaintiff made two shipments to satisfy PO2232, with two commercial invoices— CI20130719-1 for $15,819.12 and CI20130713 for $1,950.72.  GA Design & Sourcing authorized full payment of the first of these invoices, but never authorized payment for CI20130713.

64.     As of March 21, 2014, the full $1,950.72 for CI2013713 remains unpaid.

*d. Additional Payments*

65.     On June 13, 2014, Plaintiff received notice from HSBC Bank USA that GA Design & Sourcing authorized $10,000.00 to be remitted to their account, 561-802125-838.

66.     On October 30, 2014, Plaintiff received notice from HSBC Bank USA that GA Design & Sourcing authorized $3,000 to be remitted to their account, 561-802125-838.

67.     While these payments were apparently intended to reduce GA Design & Sourcing's overall debt, it is not clear to which invoice(s) these payments pertain.

*e. GA Design & Sourcing's Current Arrearage*

68.     As discussed above, Defendant GA Design & Sourcing made no payment specifically identified as pertaining to the April 2013 shipment; made partial payment toward the May and July 2013 shipments; and made additional payments, unspecified as to any particular invoice, toward removing its arrearage with Plaintiff.

69.     For several months, Plaintiff communicated via email with employees of GA Design & Sourcing, asking the company to pay Plaintiff.  Plaintiff offered to discount certain shipments, or to accept payment on installments.

70.     GA Design & Sourcing never indicated that it accepted any of these offers, and in fact repeatedly stalled making any decision.  Upon information and belief, GA Design & Sourcing never had any intention to pay for the goods it received.

71.     As of March 27, 2015, Plaintiff's records indicate that GA Design & Sourcing has an outstanding amount of $89,852.43 owed and unpaid.

72.     On March 27, 2015 Plaintiff forwarded an account statement to GA Design & Sourcing, noting that its account was $89,852.43 in arrears.  A true and correct copy of this account statement is annexed hereto as **Exhibit "J."**

### III.     Established Principles of Equity Demand That the Corporate Veil be Pierced

73.     Upon information and belief, Defendants Jorge Galliano Artime, "John Doe 1-10" and "XYZ Company 1-10" have been acting as Defendant GA Design & Sourcing Corp. since entering into a business relationship with Plaintiff and wrongfully failing to pay amounts owed to Plaintiff.

74.     Upon information and belief, the  control exercised by Defendants Artime, "John Doe 1-10" and "XYZ Company 1-10" was so complete that Defendant GA Design & Sourcing Corp. was merely an instrumentality of their persons or an "alter ego."

75.     Upon information and belief, there is such unity of interest and ownership that the separate personalities of Defendants no longer exist.

76.     Upon information and belief, Defendant GA Design & Sourcing Corp. has failed to follow corporate formalities in a manner consistent with its separate corporate identities.

77.     Defendants Artime, "John Doe 1-10" and "XYZ Company 1-10" have been acting as GA Design & Sourcing Corp.  In this guise these Defendants have been conducting, managing, and controlling the affairs of said corporation in entering into a business relationship with Plaintiff and/or wrongfully failing to make payments to Plaintiff.  In doing so, Artime, "John Doe 1-10" and "XYZ Company 1-10" have used GA Sourcing & Design Corp. for the purpose of defrauding Plaintiff, as set forth in this Complaint.

78.　　To adhere to the doctrine of the corporate entity would promote injustice and protect fraud.

79.　　By reason thereof, Defendants Artime, "John Doe 1-10" and "XYZ Company 1-10" are jointly and severally liable for the actions of Defendant GA Design & Sourcing Corp., and thus Plaintiff is entitled to damages as set forth below.

**FIRST COUNT:**
**BREACH OF CONTRACT: PO1872 and PO1874**
*As to Defendant GA Design & Sourcing Corp.*

80.　　Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth at length herein.

81.　　Defendant GA Design & Sourcing Corp. had enforceable contractual obligations to Plaintiff as evidenced by purchase orders PO1872 and PO1874, and the corresponding invoice CI20130408 for the goods in question. The purchase orders and the invoice specified the goods, quantity, and price for same.

82.　　Specifically, Defendant GA Design & Sourcing Corp. agreed to pay a total of $21,148.00 for goods shipped in accordance with PO1872 and PO1874.

83.　　The goods subject to the two aforementioned purchase orders were shipped to, and received by, Defendant GA Design & Sourcing Corp., which never attempted to return the goods or otherwise repudiate its contractual obligations.

84.　　Despite Defendant GA Design & Sourcing accepting the goods shipped to it, Defendant breached the purchase order contracts by failing to pay the total amount agreed upon and invoiced.

85.     To date, Plaintiff has not received full payment from Defendants despite repeated requests.

86.     As a result, Plaintiff has been damaged by Defendant's breach of the aforementioned contract in the amount of $21,148.00 plus interest, cost, and attorneys' fees.

## SECOND COUNT:
## BREACH OF CONTRACT: PO1870, PO2101 and PO2127
### *As to Defendant GA Design & Sourcing Corp.*

87.     Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth at length herein.

88.     Defendant GA Design & Sourcing Corp. had enforceable contractual obligations to Plaintiff as evidenced by purchase orders PO1870, PO2101, and PO2127, and the corresponding invoice CI20130523 for the goods in question.  The purchase orders and the invoice specified the goods, quantity, and price for same.

89.     Specifically, Defendant GA Design & Sourcing Corp. agreed to pay a total of $93,041.00 for goods shipped in accordance with PO1870, PO2101, and PO2127.

90.     The goods subject to the three aforementioned purchase orders were shipped to, and received by, Defendant GA Design & Sourcing Corp., which never attempted to return the goods or otherwise repudiate its contractual obligations.

91.     Despite Defendant GA Design & Sourcing accepting the goods shipped to it, Defendant breached the purchase order contracts by failing to pay the total amount agreed upon and invoiced.

92.     To date, Plaintiff has not received full payment from Defendants despite repeated requests.  As of this date, $50,824.60 remains outstanding on this invoice.

93.     As a result, Plaintiff has been damaged by Defendant's breach of the aforementioned contract in the amount of $50,824.60 plus interest, cost, and attorneys' fees.

### THIRD COUNT:
### BREACH OF CONTRACT: PO2231, PO2235 and PO2238
#### As to Defendant GA Design & Sourcing Corp.

94.     Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth at length herein.

95.     Defendant GA Design & Sourcing Corp. had enforceable contractual obligations to Plaintiff as evidenced by purchase orders PO2231, PO2235, and PO2238, and the corresponding invoices CI20130703-1-2-3 for the goods in question.  The purchase orders and the invoices specified the goods, quantity, and price for same.

96.     Specifically, Defendant GA Design & Sourcing Corp. agreed to pay a total of $11,419.38 for PO2231, $27,047.20 for PO2235, and $26482.20 for PO2238.  Combined, these invoices sum to $64,948.78.

97.     The goods subject to the three aforementioned purchase orders were shipped to, and received by, Defendant GA Design & Sourcing Corp., which never attempted to return the goods or otherwise repudiate its contractual obligations.

98.     Despite Defendant GA Design & Sourcing accepting the goods shipped to it, Defendant breached the purchase order contracts by failing to pay the total amount agreed upon and invoiced.

99.     To date, Plaintiff has not received full payment from Defendants despite repeated requests.  As of this date, $29,369.30 remains outstanding on this invoice.

100.    As a result, Plaintiff has been damaged by Defendant's breach of the aforementioned contract in the amount of $29,369.30 plus interest, cost, and attorneys' fees.

**FOURTH COUNT:**
**BREACH OF CONTRACT: PO2232**
*As to Defendant GA Design & Sourcing Corp.*

101.    Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth at length herein.

102.    Defendant GA Design & Sourcing Corp. had enforceable contractual obligations to Plaintiff as evidenced by purchase order PO2232 and the corresponding invoices CI20130719-1 and CI20130713 for the goods in question.  The purchase order and the invoices specified the goods, quantity, and price for same.

103.    Specifically, Defendant GA Design & Sourcing Corp. agreed to pay a total of $1,950.72 for invoice CI20130713.

104.    The goods subject to the aforementioned purchase order were shipped to, and received by, Defendant GA Design & Sourcing Corp., which never attempted to return the goods or otherwise repudiate its contractual obligations.

105.    Despite Defendant GA Design & Sourcing accepting the goods shipped to it,  and despite Defendant paying the full amount of the first invoice, CI20130719-1, Defendant breached the purchase order contracts by failing to pay $1,950.72 per the second invoice, CI20130713.

106.    To date, Plaintiff has not received full payment from Defendants despite repeated requests.  As of this date, $1,950.72 remains outstanding on this invoice.

107.    As a result, Plaintiff has been damaged by Defendant's breach of the aforementioned contract in the amount of $29,369.30 plus interest, cost, and attorneys' fees.

## FIFTH COUNT:
## CONVERSION
### As to Defendant GA Design & Sourcing Corp.

108.    Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth at length herein.

109.    Because Defendant GA Design & Soucring Corp. failed to pay for the goods in question, Plaintiff remains the rightful owner of the goods.

110.    Upon information and belief, Defendant intentionally interfered with Plaintiff's dominion and control over the goods by making an agreement for payment to induce Plaintiff to release the goods to Defendant, even though the Defendant knew it would not honor its agreement.

111.    Defendant now has sole possession of the goods supplied by Plaintiff, which— pending payment—remain Plaintiff's property.

112.    To date, Plaintiff has not received payment.

113.    As a result, Plaintiff has been damaged in the amount of $89,852.43 plus interest, costs, and attorneys' fees.

## SIXTH COUNT:
## FRAUD
### As to Defendants GA Design & Sourcing Corp. and Jorge Galliano Artime

114.    Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth at length herein.

18

115.    Defendant GA Design & Sourcing Corp., through Defendant Jorge Galliano Artime, made representations that GA Design & Sourcing Corp. would pay for for the goods shipped to it.

116.    Specifically, PO1872, PO1874, PO1870, PO2101, PO2127, PO2231, PO2235, PO2238, and PO2232—issued by Defendant GA Design & Sourcing, upon information and belief at the express instruction of Defendant Artime—represent that GA Design & Sourcing would pay the specified price for the goods indicated in each purchase order.

117.    Upon information and belief these representations were materially false at the time they were made.  The promise to pay the agreed-upon price for the goods in question was a material term.  Upon information and belief, at the time each purchase order was submitted, Defendants GA Design & Sourcing Corp. and Jorge Galliano Artime had no intention to pay the full price of these goods.

118.    Upon information and belief, Defendants made these materially false representations to induce Plaintiff to rely upon the certainty of payment, so that Plaintiff would ship goods to GA Sourcing & Design Corp.

119.    Plaintiff justifiably relied on Defendants' materially false representations. Plaintiff had no way to know that Defendants had no intention of making full payment for the goods.  Plaintiff, in fact, had an enforceable contract for payment.  In reliance upon Defendants' promises, Plaintiff shipped the goods to Defendant GA Design & Sourcing Corp.

120.    As a result, Plaintiff has been damaged in the amount of $89,852.43 plus interest, costs, and attorneys' fees.


**SEVENTH COUNT:**
**UNJUST ENRICHMENT**

### *As to Defendant GA Design & Sourcing Corp.*

121.    Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth at length herein.

122.    Plaintiff conferred a benefit upon Defendant by shipping to Defendant the goods identified above.

123.    Plaintiff conferred this benefit upon Defendant at Plaintiff's expense.  To wit, in shipping the goods to Defendant, Plaintiff no longer has control or possession of any of the aforementioned goods.

124.    Defendant retains this benefit, and has never compensated Plaintiff by paying the full value of this benefit, despite agreeing to do so.

125.    To date, Plaintiff has not received full payment of the invoice price.

126.    Given these circumstances, it would be inequitable and against good conscience to deny Plaintiff full value of the benefit bestowed on Defendant.

127.    As a result, Plaintiff has been damaged in the amount of $89,852.43 plus interest, costs, and attorneys' fees.


### EIGHTH COUNT:
### PIERCING THE CORPORATE VEIL
### *As to All Defendants*

128.    Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if set forth at length herein.

129.    Upon information and belief, Defendants Jorge Galliano Artime, "John Doe 1-10" and "XYZ Company 1-10" have been acting as GA Design & Sourcing Corp.  since entering

into a business relationship with Plaintiff and wrongfully failing to pay amounts owed to Plaintiff.

130.    Upon information and belief, the control exercised by these Defendants was so complete that GA Design & Sourcing Corp. was merely a instrumentality of Artime's person or "alter ego." Upon information and belief, Artime has further commingled the funds and business relationships of GA Design & Sourcing with his personal funds.

131.    Upon information and belief, there is such unity of interest and ownership that the separate personalities of Defendants no longer exist.

132.    Defendants Artime, "John Doe 1-10" and "XYZ Company 1-10" have used GA Design & Sourcing Corp. for the purpose of defrauding Plaintiff, as set forth in this Complaint.

133.    To adhere to the doctrine of the corporate entity would promote injustice or protect fraud.

134.    Defendants Artime, "John Doe 1-10" and "XYZ Company 1-10" have acted as GA Design & Sourcing Corp., and, to limit themselves from liability, used said company to carry out unlawful acts of fraud by entering into a business relationship with Plaintiff and wrongfully failing to make payments owed to Plaintiff. In this instance the corporate arrangement is a sham, used to defeat justice, to perpetrate fraud and evade contractual responsibility.

135.    By reason thereof, Defendants Artime, "John Doe 1-10" and "XYZ Company 1-10" are liable as individuals for the actions of GA Design & Sourcing Corp., and thus Plaintiff is entitled to damages in the amount of $89,852.43 plus interest, costs, and attorneys' fees.


**WHEREFORE**, Plaintiff, OCEAN BLUE (PTY) LTD., prays judgment as follows:

(a)   An award of compensatory damages, in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $89,852.43 as and for direct compensatory damages, exclusive of interest; and further

(b)   An award of pre-judgment interest and post-judgment interest, in favor of Plaintiff and against Defendants, jointly and severally, in amounts determined by the Court; and further

(c)   An award of punitive damages, in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of Two Hundred and Seventy Thousand Dollars ($270,000.00); and further

(d)   An award of attorney fees, costs and expenses incurred by the Plaintiff to bring this action, in favor of Plaintiff and against Defendants, jointly and severally; and further

(e)   For such further and other relief as this honorable Court deems just and proper.


## JURY TRIAL DEMAND

Plaintiff, as provided by Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury in the above-captioned matter.


Dated: June 10, 2015
         New York, NY

WONG, WONG & ASSOCIATES, P.C.

By : _____
         James Schmitz (JS2654)
         *Attorneys for the Plaintiff*
         150 Broadway, Suite 1588
         New York, NY 10038
         Tel. (212)-566-8080
         Fax (212)-566-8960
         jschmitz@wongwonglaw.com

22